UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| ATLAS PARTNERS, LLC, f/k/a CROWN PARTNERS, LLC, : : : Plaintiff, : : - against - : : STMICROELECTRONICS INTERNATIONAL N.V., : : Defendant. : | ECF Case<br><br>14 Civ. 7134 (VM) (FM)<br><br><u>AMENDED COMPLAINT</u><br><br>Jury Demand |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Atlas Partners, LLC, by its undersigned attorneys, for its complaint against defendant STMicroelectronics International N.V., respectfully alleges as follows:

1. This is an action for breach of contract to recover damages for defendant's breach of a written agreement.

## The Parties

2. Plaintiff Atlas Partners, LLC, formerly known as Crown Partners, LLC ("Crown"), is a limited liability company organized under the laws of the state of Delaware with a principal place of business in Dayton, Ohio.

3. On information and belief, defendant STMicroelectronics International N.V. ("STMicro") is a corporation organized under the laws of the Netherlands, with a principal place of business in Geneva, Switzerland.

<u>Jurisdiction and Venue</u>

4.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.	Venue is proper in this district under 28 U.S.C. § 1391 and because the parties consented in a written agreement to the jurisdiction of any court in the State of New York.

<u>Facts Common to All Claims for Relief</u>

6.	Crown and STMicroelectronics N.V. entered into a written contract, titled the Master Services Agreement, dated as of December 17, 2008 ("the MSA").  On or about December 31, 2011, STMicroelectronics N.V. assigned the MSA to defendant STMicro.

7.	The MSA sets forth the general terms and conditions upon which Crown would provide various web-related services to STMicro and STMicro's obligation to pay for those services.

8.	The MSA provides that Crown was to invoice STMicro for Crown's services on the first day of the month in advance.

9.	The MSA further provides that if STMicro failed to pay an invoice within ten days of the date that payment was due, Crown was entitled to suspend its services until payment is received.

10.	Pursuant to the MSA, specific work to be performed by Crown and STMicro's obligation to pay for that work was to be set forth in separate Statements of Work.

11.	By Statement of Work, dated July 29, 2011 ("the SoW"), the parties agreed to specific web content management and related services.

2

12. The SoW provided that the parties' arrangement would last for three years, starting July 1, 2011 through and including June 30, 2014 (the "Initial Term").

13. The SoW provided that it would be extended automatically for additional one-year terms, unless cancelled on at least 120 days notice prior to June 30, 2014, i.e., the end of the Initial Term.

14. STMicro was to pay Crown a total of $4,380,000 over the Initial Term.

15. The SoW memorializes the parties' agreement to a payment schedule whereby STMicro would pay Crown $876,000 on the first day of the first calendar quarter of 2012, $438,000 on the first day of the third calendar quarter of 2012 and then seven equal payments of $438,00 on the first day of each subsequent calendar quarter. These payments add up to the agreed upon total of $4,380,000.

16. The SoW provides that Crown was to invoice STMicro thirty to forty-five days prior to the payment due date.

17. By amendment dated as of December 5, 2011 (the "Amendment"), the parties amended the payment schedule.

18. Under the Amendment, STMicro agreed to pay Crown $219,000 and $657,000 on the happening of certain events and then make eight equal quarterly payments of $438,000, beginning with the fourth quarter of 2012.

19. STMicro made the payments of $219,000 and $657,000.

20. STMicro made seven of the eight quarterly payments.

21. By letter dated February 24, 2014, i.e., approximately 120 days prior to the end of the Initial Term, STMicro informed Crown that STMicro would terminate the SoW.

22. More than thirty days prior to July 1, 2014, i.e., the first day of the third quarter of 2014, Crown sent to STMicro its invoice for the eighth and final payment (the "Final Payment") in the amount of $438,000.

23. Prior to the time of the invoice for the Final Payment, and at the direction of STMicro, Crown had submitted its invoices electronically via an electronic payment system. Around this time, however, Crown could no longer gain access to STMicro's payment system despite diligent attempts to do so.

24. Also prior to the time of the invoice for the Final Payment, it was STMicro's regular practice to create -- and send to Crown -- a purchase order covering the upcoming quarterly payment in advance of the date by which STMicro was to be invoiced. STMicro never sent a purchase order covering the Final Payment due to Crown.

25. Pursuant to the SoW, STMicro was obligated to make the Final Payment on July 1, 2014.

26. Crown made written demand to STMicro to make the Final Payment.

27. Despite this demand, STMicro did not make the Final Payment on July 1, 2014, or at any time thereafter.

**FIRST CLAIM FOR RELIEF**
**(BREACH OF CONTRACT)**

28. Plaintiff repeats paragraphs 1 through 27.

29. Crown and STMicro are parties to the MSA and SoW, as more fully described above.

30. Crown submitted its invoice for the Final Payment as provided in the SoW.

31. Crown was entitled to payment of said invoice.

32. Crown demanded payment of said invoice.

33. Despite demand, STMicro has failed to pay said invoice.

34. Crown has been damaged in the amount of $438,000 by reason of STMicro's failure to pay the invoice for the Final Payment.

## SECOND CLAIM FOR RELIEF
## (UNJUST ENRICHMENT)

35. Plaintiff repeats paragraphs 1 through 34.

36. STMicro has been enriched by the use of the services provided to it by Crown over the life of the SoW.

37. STMicro's enrichment has been at the expense of Crown because STMicro has not paid, and has refused to pay, Crown for the full and actual value of the services provided by Crown.

38. Given the circumstances described above, in equity and good conscience, STMicro should be required to pay Crown an additional amount of at least $438,000 for the services that Crown provided to STMicro and that STMicro accepted.

**WHEREFORE**, plaintiff Atlas Partners, LLC, formerly known as Crown Partners, LLC, respectfully prays that this Court enter judgment in favor of Atlas Partners, LLC and against defendant STMicroelectronics International N.V. for (i) at least $438,000, plus interest at the New York rate of 9% per annum commencing on July 1, 2014, the date of breach or, in the alternative, at least $438,000, plus interest at the New York rate of 9%, for the difference in the value of services provided to and accepted by defendant STMicroelectronics International N.V.

and the amount that it has paid; (ii) its costs and disbursements in connection with this action, including reasonable attorney's fees; and (iii) for such other and further relief as to the Court appears just and proper.

Plaintiff demands a jury trial.

Dated: New York, New York
September 29, 2014

**SULLIVAN & WORCESTER LLP**

By: /s/Harry H. Rimm
    Harry H. Rimm
    George O. Richardson, III

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001

Attorneys for plaintiff *Atlas Partners, LLC, f/k/a Crown Partners LLC*