

# SULLIVAN & WORCESTER

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/15

March 6, 2015

**VIA FACSIMILE**

Honorable Victor Marrero
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re: <u>Atlas Partners, LLC v. STMicroelectronics International N.V., 14-cv-07134 (VM) (FM)</u>

Dear Judge Marrero:

    Plaintiff Atlas Partners, LLC and Defendant STMicroelectronics International N.V. (the "Parties") have conferred to consider and discuss matters required by Rule 26 of the Federal Rules of Civil Procedure. On behalf of the Parties, we hereby submit this Joint Scheduling Report and Discovery Plan.

I.    PRELIMINARY MATTERS

    In this breach of contract action, Plaintiff alleges that it is entitled to $438,000 pursuant to the Parties' written agreement; Defendant contends that Plaintiff is not entitled to such payment. On November 20, 2014, Defendant filed a pre-answer motion to dismiss, arguing that Plaintiff's breach of contract theory is precluded by the plain language of the Parties' agreements. On December 8, 2014, Plaintiff filed its opposition to the motion, and on December 18, 2014,

Honorable Victor Marrero
March 6, 2015
Page 2

Defendant submitted its reply. Both Parties have argued that this is a straightforward contract dispute which the Court may resolve as a matter of law without discovery. Plaintiff contends that if the Court were to find an ambiguity in the Parties' agreement, however, the resolution of that ambiguity would require discovery. Defendant contends that the Court's decision on Defendant's now pending motion to dismiss will have a significant impact on the scope of – and, indeed, if granted, make wholly unnecessary – any proceedings occurring thereafter. In addition, in the event Defendant's motion is denied, Defendant intends to assert counterclaims against Plaintiff that will enlarge the issues in the case.

As set forth below, the Parties jointly agree and respectfully request that the Court not set dates at this time with respect to the matters in Rules 26(f), 16(b) and 16(c) of the Federal Rules of Civil Procedure. Rather, the Parties respectfully request that the Court hold a scheduling conference or initial case management conference pursuant to Paragraph IV.A of Your Honor's Individual Practices at the Court's convenience to address such matters following the Court's issuance of its decision on Defendant's motion to dismiss.

II.	DISCOVERY

A.	**Initial Disclosures.** The Parties propose no changes to the form or requirements of mandatory disclosures under Rule 26(a), except that initial disclosures shall be exchanged by no later than fourteen days after Defendant files its Answer and Counterclaims.

B.	**Subjects of Discovery.** The Parties agree that discovery will be conducted on the allegations and claims contained in the Amended Complaint and any affirmative defenses, denials and counterclaims contained in the Answer to the Amended Complaint. Each Party

BOSTON   LONDON   NEW YORK   WASHINGTON, DC

Honorable Victor Marrero
March 6, 2015
Page 3

represents that reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction.

    **C.**    **Electronically-Stored Information ("ESI").** The Parties have engaged in a preliminary discussion regarding the production of ESI and will continue these discussions. At this time, the Parties do not anticipate problems in connection with ESI. Should any issues arise, the Parties will address them informally or by letter to the Court.

    **D.**    **Claims of Privilege; Protective Order.** The Parties are also discussing entry of a Stipulated Confidentiality Protective Order, and it is anticipated that this Order will address issues of protection of trade secrets, privilege, privacy and the inadvertent production of privileged material or materials encompassed by the work product doctrine.

    **E.**    **Limitations on Discovery.** The Parties do not propose any changes to the limits imposed on discovery by the Federal Rules of Civil Procedure and the Local Rules. The Parties agree that discovery will not be conducted in phases. Should any issues arise, the Parties will address them informally or by letter to the Court.

    **F.**    **Orders That Should Be Entered Under Rules 26(c), 16(b) and/or 16(c).** At this time, the Parties do not anticipate needing the Court to enter any orders under Rule 26(c) or Rules 16(b) and (c). The Court's decision with respect to the arguments submitted by the Parties in connection with the now pending motion to dismiss may have a significant impact on the scope of – and, indeed make wholly unnecessary – any proceedings occurring thereafter, and Defendant's anticipated counterclaims would impact significantly the nature of discovery in this action (including the matters potentially in dispute). The Parties respectfully submit, therefore, that they are not able to propose realistic dates for joining other parties, motion cut-off, final fact

BOSTON   LONDON   NEW YORK   WASHINGTON, DC

Honorable Victor Marrero
March 6, 2015
Page 4

discovery cut-off, an expert discovery schedule, other pre-trial activities that are keyed to the trial date, and the trial date itself (including a proposed length). Thus, the Parties jointly and respectfully request that the Court not set those dates at this time. Rather, the Parties propose that, in the event this action proceeds past the motion to dismiss stage (*i.e.*, if Defendant's motion is denied), the Court hold a scheduling conference or initial case management conference pursuant to Paragraph IV.A of Your Honor's Individual Practices, at the Court's convenience following the Court's issuance of its decision on Defendant's motion to dismiss (and/or any dispositive motion, as applicable).

Respectfully submitted,

| | |
|---|---|
| **SULLIVAN & WORCESTER LLP** | **SIDLEY AUSTIN LLP** |
| By: _____ <br> Harry H. Rimm <br> Clark Freeman | By: _____ <br> John G. Kuster <br> Benjamin F. Burry |
| 1633 Broadway <br> New York, New York 10019 <br> Telephone: (212) 660-3000 <br> Facsimile: (212) 660-3001 | 787 Seventh Avenue <br> New York, New York 10019 <br> Tel: (212) 839-5300 <br> Fax: (212) 839-5599 |
| *Attorneys for Plaintiff Atlas Partners, LLC f/k/a Crown Partners, LLC* | *Attorneys for Defendant STMicroelectronics International N.V.* |

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the parties.

**SO ORDERED.**

3-6-15
DATE          VICTOR MARRERO, U.S.D.J.

BOSTON   LONDON   NEW YORK   WASHINGTON, DC